IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION FOR A SUSTAINABLE DELTA, a California non-profit corporation; BELDRIDGE WATER STORAGE DISCTRICT, a California Water Storage District; BERRENDA MESA WATER DISTRICT, a California Water District; CAWELO WATER DISTRICT, a California Water District; NORTH OF THE RIVER MUNICIPAL WATER DISTRICT, a California Municipal Water District; WHEELER RIDGE-MARICOPA WATER STORAGE DISTRICT, a California Water Storage District; and DEE DILLON, an individual, | 2:09-CV-00466-JAM-DAD<br><br><u>ORDER DENYING DEFENDANT COUNTY OF SAN JOAQUIN'S MOTION TO DISMISS</u> |
| Plaintiffs, | |
| v. | |
| CITY OF STOCKTON, a municipal corporation; and COUNTY OF SAN JOAQUIN, a political subdivision of the State of California, | |
| Defendants. | |

1

The issue before the Court is defendant County of San Joaquin's ("Defendant") motion to dismiss ("Motion") plaintiffs' complaint.  Plaintiffs, Coalition for a Sustainable Delta, five water districts on the Sacramento-San Joaquin Delta, and Coalition member Dee Dillon (collectively "Plaintiffs"), brought this action against Defendant and City of Stockton alleging illegal discharges of pollutants into the Sacramento-San Joaquin Delta ("Delta"), violating the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311, et seq., and the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531, et seq.  Defendant, moving to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), argues that Plaintiffs fail to satisfy the notice requirements of both the CWA and the ESA, and moreover, that Plaintiffs, excluding one of the five water districts, have no standing to prosecute the ESA claims.

It is unclear why Defendant identifies only four of five water districts as targets of the ESA standing argument in its Motion (North of the River, Beldridge, Cawelo, and Wheeler Ridge-Maricopa), and then identifies a different set of four water districts in its Reply (Berrenda, Beldridge, Cawelo, and Wheeler Ridge-Maricopa).  See Id. at 2:6-11; Reply, Docket # 43,

1:13-21.  Notwithstanding Defendant's inconsistent filings, the Motion to Dismiss Plaintiffs' Complaint is DENIED.[1]

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs provided Defendant with a letter on October 17, 2008 intending to give notice of Defendant's violations of the CWA and the ESA pursuant to the requirements of 33 U.S.C. § 1365(b) and 16 U.S.C. § 1540(g).  Complaint, Docket at 1, Ex. 1. Plaintiffs' letter alleged that Defendant failed to comply with the terms of permits ("MS4 Permits") issued by the California Regional Water Quality Control Board, Central Valley Region, that limit and set conditions on discharges into the Delta and that Defendant was illegally contaminating the Delta.  Id., Exh. 1, at 6-10.  Plaintiffs' letter also provided a set of data with dates, types of pollutants, locations, and amounts of pollution being discharged by Defendant and alleged that the discharges of those pollutants constituted a "take" of various endangered fish species in the Delta, including the Sacramento River Winter-Run Chinook Salmon, the Central Valley Spring-Run Chinook Salmon, the Central Valley Steelhead, and the Delta Smelt ("Listed Species").  Id., Exh. 1, at 6-10, Attch. A.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

Plaintiffs filed suit in this Court for injunctive relief and civil penalties on February 18, 2009, over sixty days after providing Defendant with the October 17, 2008 letter.  In the Complaint, Plaintiffs allege that discharges from the stormwater sewage system of Defendant exceed the limits and conditions set on those discharges by the MS4 Permits, that those exceedences violate the CWA, and that pollution resulting from Defendant's discharges harms the Listed Species in violation of the ESA. Id. at ¶¶ 7-16.  Plaintiffs claim injuries in the form of decreased water quality in the Delta, also resulting in decreased water deliveries to the water districts, and damage to the esthetic, recreational, and conservation benefits of the Delta ecosystem.  Id. at ¶¶ 17-33.  Plaintiffs request that the Court "enjoin[] . . . San Joaquin County from violating the ESA" and the MS4 Permits and order injunctive relief.  Id. at ¶¶ 209(g)-(l).  See also Id. at ¶¶ 190, 196, 202, and 208.

Defendant now moves to dismiss the Complaint, arguing that the October 17, 2008 letter did not provide sufficient notice of the Complaint's CWA and ESA claims, and that even if there were sufficient notice for the ESA claims, Plaintiffs lack standing to bring suit because Plaintiffs' requested relief is not redressable by a Court order since Defendant has no direct authority to increase water exports to the Delta.  Plaintiffs opposed the Motion.

4

II.   OPINION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction.  Such a 12(b)(1) defense may be facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack challenges subject-matter jurisdiction solely on the basis of the allegations in the complaint, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id.

Here, despite both parties including extrinsic evidence in their filings in the forms of declarations and affidavits, Defendant makes a facial attack.  Defendant asserts that Plaintiffs' Complaint is, on its face, insufficient to invoke federal jurisdiction because Plaintiffs failed to provide sufficient CWA and ESA statutory notice and because Plaintiffs lack standing to pursue their ESA claims.  In reviewing a facial attack, a court must take the allegations in the plaintiff's complaint as true.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (citing Bollard v. Cal. Province of the Soc'y of Jesus, 196 F.3d 940, 944-45 (9th Cir. 1999)).  A court does not, however, accept the truth of legal conclusions "merely because they are cast in the form of factual allegations."  Doe v. Holy

<u>See</u>, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003)).

      A.    <u>Sufficiency of CWA Notice</u>

No CWA action may be commenced prior to sixty days after the plaintiff has given notice of the alleged violations to the defendant. 33 U.S.C. §§ 1365(a), (b)(1)(A). The purpose of this notice requirement is to provide the recipient with enough information so that it may bring itself into compliance with the CWA prior to the filing of a lawsuit. <u>Hallstrom v. Tillamook County</u>, 493 U.S. 20, 29 (1989); <u>Community Ass'n for Restoration of the Envt. v. Henry Bosma Dairy</u>, 305 F.3d 943, 950 (9th Cir. 2002). Therefore, notice must include "sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to constitute a violation" of the CWA. 40 C.F.R. § 135.3(a). Courts have found CWA notice sufficient where a plaintiff describes the problem at issue, identifies the pollutants at issue, and points out the locations, dates and practices at the source of the problem. <u>Waterkeepers N. Cal. v. AG Indus. Mfg.</u>, 375 F.3d 913, 917-18 (9th Cir. 2004); <u>Natural Resources Defense Council v. Southwest Marine, Inc.</u>, 236 F.3d 985 (9th Cir. 2000).

Defendant argues that Plaintiffs "utterly failed to provide any information [in the October 17, 2008 notice letter] to support alleged violations of the CWA . . . ." Motion, Docket

at 23, 12:13-14.  Defendant also argues that since the CWA only
requires compliance with MS4 Permit *procedures*, rather than the
*limits* set in those permits, even if the data attached to the
notice letter shows excessive discharges that data is
insufficient to allege a violation of the CWA.  Id. at 13:16-28.

Contrary to Defendant's claim, Plaintiffs have provided
sufficient information with which Defendant was notified of the
allegations now at issue in this lawsuit.  "The point of the
[CWA's] notice requirement is not to *prove* violations, it is to
inform the polluter about what it is doing wrong . . . ."
Waterkeepers N. Cal. v. AG Indus. Mfg., 375 F.3d 913, 917-18
(9th Cir. 2004).  Here, Plaintiffs, in their notice, allege
failure to "comply with the terms of the MS4 Permits" by
contributing to pollution and excessive stormwater discharges,
failing to "adequately and effectively implement the [Storm
Water Management Plans ("SWMPs")]," and "failing to adequately
and effectively implement the plans and management measures set
forth in the MS4 Permits."  Complaint, Exh. 1, 6.  The data
attached as Attachment A to the October 17, 2008 letter provides
detailed information about the dates, pollutants, and
measurements of the alleged illegal discharges.  Id., Exh. 1,
Attch. A.  Plaintiffs identify the required "plans and
management measures" set forth by the MS4 permits on page six of
the October 17, 2008 letter, recognizing and then alleging

violations of the very procedures that Defendant argues are unaddressed.  Id., Exh. 1, at 6.  Plaintiffs also allege failure to "comply with the MS4 Permits with respect to repeated exceedances of water quality standards by failing to undertake the required procedures to address exceedances."  Id.  These allegations, in conjunction with the attached discharge data, are sufficient to have put Defendant on notice that Plaintiffs questioned their compliance with the prohibitions and procedures set forth in the MS4 permits.

As such, Defendant's Motion in regards to the sufficiency of CWA notice is DENIED.

B.   Sufficiency of ESA Notice

The ESA also requires a sixty day notice of the alleged violations.  16 U.S.C. § 1540(g)(2)(A)(i).  The ESA notice, very similar to the CWA notice, requires that a plaintiff "provide sufficient information of a violation so that [the recipient] could identify and attempt to abate the violation" prior to litigation.  Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d 515, 522 (9th Cir. 1998).  The Ninth Circuit has found sufficient ESA notice where a plaintiff alerts a defendant of the actual violation, including specifying the particular species at risk and the particular operation that is allegedly harming that species, which is later alleged in litigation.  See Id. at 521.

Defendant argues that the October 17, 2008 letter did not provide sufficient information with the required particularity to inform Defendant of the ESA violations now asserted.  Motion, Docket at 23, 17:8-15.  Defendant argues that the ESA claims made in the letter are entirely factually contingent on the alleged CWA violations of the MS4 Permits, and therefore, since the Court should dismiss the CWA claims for lack of proper notice, the ESA claims should be dismissed as well.  Id. at 17:10-15; Reply, Docket # 43, 8:7-13.

Defendant cites no law, in the Motion or in the Reply, for the proposition that an ESA claim hinging on a CWA claim fails as a result of insufficient CWA notice.  See Idaho Rivers United v. Nat'l Marine Fisheries Serv., 1995 WL 877502, at 7 (W.D. Wash. Nov. 9, 1995) ("There is no authority cited for the proposition that, as a matter of law, compliance with an [Environmental Protection Agency] permit automatically meets the requirements of the ESA.").  Moreover, this Court has found that Plaintiffs' CWA notice was adequate.  Defendant's chain of logic, which was contingent on dismissal of the CWA claims, is therefore broken.

Plaintiffs also provided sufficient notice of their ESA claims independent of the CWA allegations.  Plaintiffs notified Defendant of the specific Listed Species at risk, Complaint, Docket # 1, Exh. 1, 6-9, identified the harm as excess

pollutants in the Delta, Id. at 7, and alleged that the

pollutants responsible for the harm result from discharges by

Defendant, Id. at 7-8, 10 and Attachment A.  Plaintiffs do not

rely on the Defendant's discharges being contrary to the CWA to

say that those discharges harm protected species under the ESA.

As such, Defendant's Motion with regards to the sufficiency

of ESA notice is DENIED.

### C.   Redressability of Plaintiffs' ESA Claims

In order for a plaintiff to have standing in federal court,

a plaintiff must establish that he has suffered an "injury-in-

fact," that there is a "causal connection" between the injury

and the conduct complained of, and that the "injury will be

redressed by a favorable decision."  Bennet v. Spear, 520 U.S.

154, 167 (1997) (citing Lujan v. Defenders of Wildlife, 504 U.S.

555, 560-61 (1992)).  Here, Defendant challenges Plaintiffs'

response to the third requirement, the redressability of the

alleged injury.  In order to establish redressability in a claim

of substantive violations of the ESA, a plaintiff must

demonstrate a "substantial likelihood that the requested relief

will remedy the alleged injury in fact."  Vt. Agency of Natural

Resources v. United States ex rel. Stevens, 529 U.S. 765, 771

(2000) (citing Simon v. Eastern Ky. Welfare Rights Organization,

426 U.S. 26, 41 (1976)) (internal quotations omitted).

Defendant argues that Plaintiffs[2] request a form of relief that Defendant alone is unable to accommodate: Namely, that Defendant "increase[] water exports" to Plaintiffs. Motion, Docket # 23, 20:24-28.  Defendant contends that any increase in water exports by Defendant is dependent on the discretion of federal wildlife agencies, third parties not named in this suit, and that even if the agencies choose to increase water exports as a result of this litigation there is no substantial likelihood that those increased exports would improve Plaintiffs' situations.  Id. at 21:1-22:25.  For these reasons, Defendant moves the Court to dismiss the complaint for lack of standing to pursue the ESA claims.

The Court declines to do so.  Defendant has mischaracterized Plaintiffs' asserted injuries and requested remedies.  Plaintiffs allege decreased water quality, resulting in decreased water deliveries, and damage to the esthetic, recreational, and conservation benefits of the Delta ecosystem. Complaint, Docket # 1, ¶¶ 17-33.  In response to these injuries, Plaintiffs request that the Court "enjoin[] . . . San Joaquin County from violating the ESA" and order injunctive relief.  Id. at ¶¶ 209(i)-(l); Id. at ¶¶ 190, 196, 202, and 208.

---

[2] Again, it is unclear whether Defendant intends to target all the water districts or some combination of four of the five water district plaintiffs in its Motion.

Plaintiffs do not, as Defendant suggests, request that the Court order Defendant to increase water exports to the Delta. Rather, Plaintiffs request compliance with the ESA which only requires an improvement in the water *quality* of the Delta, not an increase in the water *quantity*. Id. at ¶ 209(j). While an increase in water supply may be one potential solution to the issue (diluting pollution in the Delta and thus reducing the harm to the Listed Species), it is not the only solution. For example, Plaintiffs request adherence to the MS4 guidelines as well as limits on polluting discharges. Id. at ¶¶ 190, 196, 202, 208, and 209(g). Plaintiffs contend that this would improve water quality in the Delta. A Court order requiring such adherence would not depend upon or require federal agency discretion as Defendant suggests. Ultimately, there is sufficient likelihood that Plaintiffs' claim is redressable by means other than increasing water exports to the Delta, thus meeting the standard to deny a motion to dismiss.

As such, Defendant's Motion with regards to the redressability of Plaintiffs' ESA claims is DENIED.

### III. ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is DENIED. Defendant's Answer to the Complaint shall be filed on or before September 9, 2009.

IT IS SO ORDERED.

DATED: August 20, 2009

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE